FILED
United States Court of Appeals
Tenth Circuit

September 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY C. KENNEY,

Plaintiff - Appellant,

v.

FACILITIES PERFORMANCE
GROUP; LIZA HART LOPER,
Manager; MARK WATSON, Area
Manager,

Defendants - Appellees.

No. 09-5110

(N.D. Oklahoma)

(D.C. No. 4:09-CV-00478-CVE-FHM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Anthony Kenney, proceeding pro se, brought what appears to be a claim for

wrongful termination in the United States District Court for the Northern District

of Oklahoma against Facilities Performance Group (FPG) (his former employer)

and two supervisors. The district court dismissed his complaint under Federal

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rule of Civil Procedure 12(b)(6) for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Because we are reviewing the district court's dismissal of Mr. Kenney's complaint for failure to state a claim, we accept the factual allegations in the complaint as true and view those facts in the light most favorable to Mr. Kenney. *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In addition, because Mr. Kenney is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Mr. Kenney's complaint is on a form provided by the court. On the line beginning "Jurisdiction is asserted pursuant to," Mr. Kenney wrote, "1964 Civil rights act." On the line calling for a statement of the background of the case, he wrote, "Wrongfull and Unlawful determination." In the section of the form asking for the allegations and facts supporting his cause of action, Mr. Kenney wrote the following:

> Staring at Someone said fraudly from by Tulsa International Airport from Continental Airlines! 2 wemons at Customer desk states when I was only there for less thah two minets drinking from coke drink before going on duty. 11:pm to 7:am shift.

> This Facilities Performance company who has no policies or decillpine to their Company and dose not take 15 minuts breaks or has insurance is only a fraud.

Complaint, *Kenney v. Facilities Performance Group*, No. 09-CV-0478-CVE-FHM, 2009 WL 2252096 (N.D. Okla 2009).

Mr. Kenney's appellate brief reiterates these claims in a similarly obscure manner. The nature of his claim is made somewhat clearer by an "Oklahoma Employment Security Commission [OESC] Factfinding 409 Pre-determination" form that was attached to his notice of appeal. R., Vol. 1 at 8. According to the form, FPG stated to the OESC that Mr. Kenney had been suspended for staring at two female employees after having twice been warned not to have any contact with them because of his inappropriate comments to them.

We agree with the district court that Mr. Kenney has stated no cognizable claim for relief under the Civil Rights Act of 1964 or otherwise. We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge